UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-7-H

NATIONAL TRUST FOR HISTORIC
PRESERVATION IN THE UNITED STATES, *et al.*

PLAINTIFFS

V.

FEDERAL HIGHWAY ADMINISTRATION, *et al.*                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion to intervene by the Coalition for the Advancement of Regional Transportation ("CART").  CART seeks to file a separate complaint against Defendants alleging many of the same wrongs alleged by the original plaintiffs in this action, but claiming different interests in the result of this case.  Defendants have objected to the intervention on the grounds that CART's claims are barred by the statute of limitations.

CART readily admits that it failed to file its intervening complaint within the applicable statute of limitations period.  It appears to argue, however, that its intervening complaint should relate back to the original filing date of this action.  It cites not legal authority for such a proposition.  The Sixth Circuit has dismissed intervenor's claims for failure to comply with the applicable statute of limitations even though the original plaintiff filed in a timely manner.  *See Puckett v. Comet Mfg. Corp.*, 892 F.2d 80, 1989 U.S. App. LEXIS 19419 (6th Cir. Dec. 21, 1989) (table opinion).  The Court believes the same rationale applies here.  There is no basis for finding that CART's intervening complaint relates back to the original complaint filed in this action.  Thus, the Court determines that CART's claims are barred by the applicable statute of limitations and that intervention would be futile.  *See Indiana State Dist. Council of Laborers*

*and HOD Carriers Pension & Welfare Fund v. Omnicare, Inc.*, 583 F.3d 935, 944 n.5 (6th Cir. 2009) ("Since Alaska Electrical's claims would fail for the same reason, we also affirm the denial of the motion to intervene."); *Atkins v. Gen. Motors Corp.*, 701 F.2d 1124, 1130 n.5 (5th Cir. 1983) ("The district court denied the motion [to intervene] on the ground that their claims were barred by the statute of limitations. This conclusion was correct.").[1]

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that CART's Motion to Intervene is DENIED.

cc: Counsel of Record

---

[1] The Court notes that in an unpublished Sixth Circuit opinion, the Circuit reversed a denial of intervention that was based on the running of the statute of limitations. *See Saxton v. Gen. Motors Corp.*, 770 F.2d 167, 1985 WL 13478 (6th Cir. Jul. 16, 1985) (table opinion). In that case, however, there was a factual dispute regarding whether the intervenor's claims were barred by the statute of limitations. The Sixth Circuit held that the motion to intervene was not dependent on the "apparent strength of the proposed intervenor's claims." *Id.* at *1. Here, there is no dispute that CART's claim is, in fact, barred by the statute of limitations. Therefore, *Saxton* is clearly distinguishable and the more recent and published opinion in *Omnicare*, which denied intervention based on futility, is controlling.